|   | | |
|---|---|---|
| 1 | **UNITED STATES DISTRICT COURT** | |
| 2 | **DISTRICT OF NEVADA** | |
| 3 | NATIONSTAR MORTGAGE LLC, | Case No.: 2:16-cv-01834-APG-EJY |
| 4 | Plaintiff | **Order (1) Granting Plaintiff's Motion for Summary Judgment and (2) Denying Copperfield's Motions to Dismiss and for Summary Judgment** |
| 5 | v. | |
| 6 | COPPERFIELD HOMEOWNER ASSOCIATION, et al., | [ECF No. 35, 44, 45] |
| 7 | Defendants | |

Plaintiff Nationstar Mortgage LLC (Nationstar) sues to determine whether a deed of trust encumbering property located at 6132 Peggotty Avenue in Las Vegas, Nevada was extinguished by a nonjudicial foreclosure sale conducted by a homeowners association (HOA), defendant Copperfield Homeowners Association (Copperfield). Defendant Saticoy Bay LLC Series 6132 Peggotty (Saticoy) purchased the property at the foreclosure sale. Nationstar seeks a declaration that the deed of trust still encumbers the property and it asserts alternative damages claims against Copperfield and Copperfield's foreclosure agent, Defendant RMI Management LLC (RMI). Saticoy counterclaims for declaratory relief that it purchased the property free and clear of the deed of trust.

Nationstar moves for summary judgment, arguing a prior loan servicer, Bank of America, tendered the superpriority amount prior to the sale and thereby preserved the deed of trust. Saticoy opposes Nationstar's motion but did not move for summary judgment. Copperfield moves to dismiss and for summary judgment on a variety of grounds, but essentially argues that it complied with Nevada law and there was nothing wrongful about the foreclosure sale. RMI joined both of Copperfield's motions.

The parties are familiar with the facts so I do not repeat them here except where necessary. I grant Nationstar's motion because Bank of America tendered the superpriority amount, thereby extinguishing the superpriority lien and rendering the sale void as to the deed of trust. I dismiss as moot Nationstar's alternative damages claims against Copperfield and RMI.

**I. ANALYSIS**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

Under Nevada law, a "first deed of trust holder's unconditional tender of the superpriority amount due results in the buyer at foreclosure taking the property subject to the deed of trust." *Bank of Am., N.A. v. SFR Investments Pool 1, LLC*, 427 P.3d 113, 116 (Nev. 2018) (en banc). To

be valid, tender must be for "payment in full" and must either be "unconditional, or with conditions on which the tendering party has a right to insist." *Id.* at 118.

Nationstar has established that it tendered the superpriority amount in full. The HOA assessment was $36 per month. ECF No. 44-7 at 14. Prior to the HOA foreclosure sale, Bank of America tendered $324.00 to RMI to cover the superpriority amount of nine months of assessments. *Id.* at 18-20; ECF No. 44-8 at 10-11. RMI refused to accept the check. ECF Nos. 44-7 at 22; 44-8 at 11. Saticoy has presented no contrary evidence in response. Consequently, no genuine dispute remains that the superpriority lien was extinguished and the property remains subject to the deed of trust. *Bank of Am., N.A.*, 427 P.3d at 121.

Saticoy contends I should weigh the equities in its favor as a bona fide purchaser. It also argues Nationstar waived its tender, should be estopped from asserting it, and has unclean hands because it did not take other action to stop the sale or inform others about its tender attempt.

"[T]ender of the superpriority portion of an HOA lien satisfies that portion of the lien by operation of law." *Bank of Am., N.A.*, 427 P.3d at 120. Because "valid tender cured the default as to the superpriority portion of the HOA's lien, the HOA's foreclosure on the entire lien resulted in a void sale as to the superpriority portion." *Id.* at 121. A "party's status as a [bona fide purchaser] is irrelevant when a defect in the foreclosure proceeding renders the sale void." *Id.* For these same reasons, I do not weigh the equities if tender was valid because "the voiding of the foreclosure sale as to the superpriority portion of the lien is ultimately the result of the operation of law and not equitable relief." *Salomon v. Bank of Am., N.A.*, No. 75200-COA, 2019 WL 3231009, at *2 n.3 (Nev. App. July 17, 2019).[1] Finally, Nationstar "has not waived its right

---

[1] Saticoy also argues Nationstar cannot resort to equity because it has an adequate remedy at law. Even if Nationstar had to resort to equity, in similar cases I have rejected this argument that lienholders like Nationstar have an adequate remedy at law. *See, e.g.*, *Bank of Am., N.A. v.*

3

to protect its deed of trust, is not estopped from asserting that right, nor does it have unclean hands because it allowed [the HOA's] foreclosure to proceed without interceding to halt the foreclosure" because Bank of America satisfied the superpriority portion of the lien before the foreclosure, so it "was under no obligation to intercede or halt the foreclosure once it protected its own interest." *Bank of New York Mellon v. Green Valley S. Owners Ass'n*, No. 1, No. 2:17-CV-2024-KJD-EJY, 2019 WL 4393356, at *6 (D. Nev. Sept. 13, 2019); *see also Bank of America, N.A.*, 427 P.3d at 119-21 (tender need not be recorded or deposited into court).

Finally, Saticoy requests that if I determine the deed of trust was not extinguished, I should set aside the sale rather than determine that Saticoy took title to the property subject to the deed of trust. ECF No. 49 at 15. I decline to consider this possibility because Saticoy's request is undeveloped and unsupported. Saticoy does not identify what claim in this case would support setting aside the sale or on what factual or legal basis I would do so. Saticoy's counterclaim did not request as relief that if tender was valid, I should set aside the sale. It could have raised that possibility because tender was alleged in Nationstar's complaint. Further, Saticoy does not engage in any weighing of the equities to determine whether setting aside the sale is the proper result. For example, it makes no reference to how unwinding the sale would affect Copperfield or the former homeowner, who is not a party to this action. Nor does it address whether it has received benefits from the property in the interim (such as rental income), how those benefits should be weighed, or what should happen to those benefits if the sale is unwound.

In sum, Nationstar has shown that it tendered the superpriority portion of the HOA's lien, thereby rendering the sale void as to the deed of trust. Saticoy has not presented evidence raising

---

*Woodcrest Homeowners Ass'n*, No. 2:15-cv-01024-APG-GWF, 2019 WL 3947912, at *2 (D. Nev. Aug. 21, 2019). I again reject the argument here.

4

a genuine dispute.  Consequently, Saticoy purchased the property subject to the deed of trust.  I therefore dismiss as moot Nationstar's alternative damages claims against Copperfield and RMI.

## II. CONCLUSION

I THEREFORE ORDER that plaintiff Nationstar Mortgage LLC's motion for summary judgment **(ECF No. 44) is GRANTED**.  The clerk of court is instructed to enter judgment in favor of plaintiff Nationstar Mortgage LLC and against defendant Saticoy Bay LLC Series 6132 Peggotty as follows: It is declared that the homeowners association's non-judicial foreclosure sale conducted on November 26, 2014 did not extinguish the deed of trust and the property located at 6132 Peggotty Avenue in Las Vegas, Nevada remains subject to the deed of trust.

I FURTHER ORDER that plaintiff Nationstar Mortgage LLC's alternative damages claims against defendants Copperfield Homeowners Association and RMI Management LLC are DISMISSED as moot.

I FURTHER ORDER the clerk of court to close this case.

DATED this 13th day of January, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE